IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



RUDOLFO GILL,
TDCJ-CID No. 02159990,

    Plaintiff,

v.                                                   2:20-CV-0115-Z-BR

WADE ALEXANDER, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's civil rights claims. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. *See* ECF No. 1. Plaintiff was granted permission to proceed *in forma pauperis*. *See* ECF No. 4. On May 26, 2021, Plaintiff filed an Amended Complaint. ECF No. 15. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

**FACTUAL BACKGROUND**

Plaintiff's Amended Complaint constitutes the live pleading before the Court. *See* ECF No. 15. Plaintiff alleges that he was denied access to the courts by the TDCJ personnel at the Jordan Unit. ECF No. 15 at 7–10. Plaintiff also articulates that he was forced to attend unnecessary medical appointments, that his property was lost because of these transfers, and that he received disciplinary infractions and unit transfers in retaliation for filing grievances against TDCJ. *See id.* at 9–24. Plaintiff acknowledges that "certain conditions might not be unconstitutional on their own, [but] they do add up to create an overall effect that is unconstitutional." *Id.* at 7. In effect,

Plaintiff argues a pattern of harassment — including transfers, major disciplinary infractions, and denial of access to the courts — all resultant from his grievances filed against TDCJ. *See id.*

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears*[2] hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[3]

**ANALYSIS**

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). Prison officials may not abridge or impair an inmate's right of access to court. *See Ex parte Hull*, 312 U.S. 546, 549 (1941); *Johnson v. Avery*, 393 U.S. 483, 486 (1969). "While the precise contours of a prisoner's right of access to court remain obscure, the Supreme Court has not extended this right

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).
[3] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

To prevail on a claim that his right of access to court has been violated, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendants' actions. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (internal marks omitted); *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997). He must identify the nonfrivolous, arguable underlying claim. *Id.*

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Degrate v. Godwin*, 84 F.3d 768, 768–69 (5th Cir. 1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Plaintiff has not established a "relevant actual injury" regarding any civil or criminal action before the courts. *See Lewis*, 518 U.S. at 351; *see also* ECF No. 3. Plaintiff has not identified any specific case where the denial of access to legal materials or indigent supplies resulted in the dismissal or prejudice of his claims in any court through his Amended Complaint. *See* ECF No. 15. Thus, Plaintiff has failed to state a claim for denial of access to the courts, and these claims are **DISMISSED**.

Plaintiff further asserts a pattern of retaliation by TDCJ Defendants for the filing of grievances. *See id.* at 10–24. Plaintiff asserts that this pattern of retaliation resulted in disciplinary infractions and transfers to different TDCJ units, which resulted in the misplacement of his property on more than one occasion. *See id.* Prison officials may not retaliate against an inmate for exercising his right of access-to-the-courts or complaining to a supervisor about a prison employee

or official. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996). To prevail on a retaliation claim, an inmate must establish: (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for exercising that right; (3) a retaliatory or adverse act; and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Causation requires a showing that "*but for* the retaliatory motive the complained of incident . . . would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (emphasis added) (internal marks omitted), *cert. denied*, 522 U.S. 995 (1997). Conclusory allegations of retaliation are insufficient to defeat a summary judgment motion. *Woods*, 60 F.3d at 1166. "The relevant showing in such cases must be more than the prisoner's personal belief that he is the victim of retaliation." *Johnson*, 110 F.3d at 310 (internal marks omitted). "The inmate must produce direct evidence of motivation — or the more probable scenario, allege a chronology of events from which retaliation may be plausibly inferred." *Woods*, 60 F.3d at 1166 (internal marks omitted).

Trial courts are required to carefully scrutinize claims of retaliation, especially in relation to disciplinary convictions "[t]o assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them." *Id.* at 1166. Here, Plaintiff fails to assert a plausible chronology of events to explain why these particular Defendants had reason to transfer him to other units or charge him with disciplinary infractions. *See* ECF No. 15. Plaintiff merely argues that after "a whole year being case free" — that is free from disciplinary infractions — he filed grievances regarding several issues and thereafter began receiving disciplinary infractions. *See id.* at 7–9. There is no link between these Defendants to a motive for retaliating against the Plaintiff for filing said grievances. As such, his claim for retaliation fails and is **DISMISSED**.

4

**CONCLUSION**

The Complaint is **DISMISSED** for failure to state a claim.

**SO ORDERED.**

July _17_, 2023

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE